## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ERIC SWEETING, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 21-00127-TFM-B |
| | * |
| BRIANNE GARRETT, *et al.*, | * |
| | * |
| Defendants. | * |

### REPORT AND RECOMMENDATION

Plaintiff Eric Sweeting, proceeding *pro se*, paid the $402 statutory filing fee for this § 1983 action. The action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is **RECOMMENDED** that this action be **STAYED**, pending completion of Plaintiff's pending state court proceedings.

**I. Complaint. (Doc. 1).**

In his complaint, Sweeting names as Defendants Brianne Garrett, patient care technician; Lynn Brown, RN; Danielle Chavis, RN; Lindsey A. Parker, CRNP; Dr. Vickie Boggs, M.D.; Jane/John Doe, case manager; and Thomas Hospital. (Doc. 1). In his complaint, Sweeting alleges that, on March 22, 2019, his six-year-old daughter, "A.S.," was checked out of school by her mother and taken to Thomas Hospital in Fairhope, Alabama, where she was diagnosed

with vaginal pain by Dr. Vickie Boggs and CRNP Lindsey Parker. (Id. at 3-4, ¶¶ 1-7). According to Sweeting, Defendants Parker and Doe questioned A.S. to determine if any sexual abuse had occurred, and, subsequently, Defendants Boggs, Parker, and Doe reported Sweeting to Child Protection Services/DHR for child abuse. (Id.). Sweeting further alleges that Defendants Boggs and Parker refused to talk with him at the front desk or provide information as to A.S.'s whereabouts, status, and condition. (Id.).

As a result of Defendants' conduct, Sweeting alleges that he has been unable to see or communicate with his five daughters, has lost his home, has been charged with rape and child molestation, has incurred legal fees, has been ordered to pay child support, and has suffered humiliation, loss of reputation, and emotional distress. (Id.). According to Sweeting, Defendants' alleged conduct constitutes a knowing and negligent breach of the standard of care owed to A.S., "which as the daughter of the Plaintiff, directly affected him and is continually affecting him," and constitutes a denial of his Fourth and Ninth Amendment rights.[1] (Id. at 2-5). Sweeting seeks compensatory and punitive damages in the amount of $500,000. (Id. at 5).

---

[1] As best the Court can discern, Plaintiff also alleges that Defendants' conduct violates the "Child Abuse Prevention and Treatment Act" and the "Health Insurance Portability and Accountability Act." (Doc. 1 at 2-3).

2

**II. Discussion.**

To state a § 1983 claim, a plaintiff must allege that: "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). As discussed, in this action, Sweeting contends that he was deprived of his Fourth and Ninth Amendment rights, as well as certain statutory rights, by Defendants when they reported his alleged sexual abuse of his six-year-old daughter to DHR, following which Sweeting was arrested and charged with rape and child molestation. (Doc. 1 at 2-3). Before he may proceed with this action, however, Sweeting must establish that the Court has jurisdiction to consider his claim. This he has failed to do.

Pursuant to the Younger abstention doctrine, absent extraordinary circumstances, federal courts must refrain from interfering in ongoing criminal proceedings in state court. See Love v. Camp, 2015 U.S. Dist. LEXIS 97534, *2, 2015 WL 4537875, *6 (N.D. Ga. July 27, 2015). Moreover, the Court may address the applicability of Younger abstention *sua sponte*. See Martin v. Bringham, 2019 U.S. Dist. LEXIS 22476, *3, 2019 WL 575376, *2 n.2 (N.D. Ala. Feb. 12, 2019)("the court *sua sponte* raises the Younger abstention doctrine as jurisdictional grounds for dismissal.").

In Younger, the Supreme Court held that "abstention is

3

required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." Id. at *3 (quoting Turner v. Broward Sheriff's Office, 542 Fed. Appx. 764, 766 (11th Cir. 2013)(internal quotation marks omitted)). "Under Younger, this court must abstain when the criminal prosecution in state court commenced before any proceedings of substance have taken place in federal court." Id. (quoting Walker v. Roberson, 2017 WL 2374799, *2 (N.D. Ala. Feb. 21, 2017)(internal quotation marks omitted). "In determining whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings." Id. (quoting Cano-Diaz v. City of Leeds, Ala., 882 F. Supp. 2d 1280, 1286 (N.D. Ala. 2012); 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003)(internal quotation marks omitted)).

In the present case, Sweeting's state criminal proceedings were pending for approximately two years when he filed the instant action, and the state criminal proceedings are still pending.[2] In addition, Sweeting seeks monetary damages against Defendants in

---

[2] There is no suggestion in the complaint that the state court proceedings have terminated, and, indeed, the Court's independent research of the Alacourt database reveals that the case is still pending.

this Court for his state court arrest and charges for rape and child molestation, which he alleges violate his constitutional and statutory rights. Applying the Younger elements to this case, it is clear that a federal determination of Sweeting's claims would interfere with his earlier-filed, pending state court criminal proceedings, particularly given that he seeks monetary damages in this case from potential key witnesses in his criminal case. Moreover, the state's ability to prosecute rape and child molestation charges constitute an important state interest. See Martin, 2019 U.S. Dist. LEXIS 22476, *3, 2019 WL 575376, *3. Finally, Sweeting is free to raise his federal claims in the state proceedings. Id.; see also Turner, 542 Fed. Appx. at 766 ("The Younger abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights."). Applying Younger to the instant case, the Court is satisfied that Sweeting's request for relief is premature, and the Court may not interfere with Plaintiff's criminal proceeding by deciding his federal constitutional issues in advance.

Given the foregoing abstention concerns, this action is premature under Younger. See id.; Cano-Diaz v. City of Leeds, Ala., 882 F. Supp. 2d 1280, 1285 (N.D. Ala. 2012)("Cano-Diaz's Fourth Amendment claim is premature to the extent that [the criminal case] is still pending in state proceedings;"

5

"[t]herefore, it is due to be dismissed without prejudice on this jurisdictional ground."); Gilam v. Harris, 2012 U.S. Dist. LEXIS 58534, *11, 2012 WL 1568676, *4-5 (N.D. Ala. Apr. 26, 2012)("Because of the still pending nature of the state criminal case against [plaintiff], his request for a federal court to review it for constitutionally deficiencies is premature. Additionally, any hardship that [plaintiff] may suffer in withholding review is outweighed by the unfitness of this case for a judicial decision at this juncture.").

The Court now turns to the question of whether to dismiss or stay. Where, as here, Plaintiff is seeking monetary relief through § 1983, a stay is proper.[3] See Scholtz v. Prummell, 2020 U.S. Dist. LEXIS 203390, *5-6, 2020 WL 6382027, *2 (M.D. Fla. Oct. 30, 2020). In this circumstance, a district court "has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." Id. (quoting Deakins v. Monaghan, 484 U.S. 193 (1988); Wallace v. Kato, 549 U.S. 384, 393-94, (2007); Tribble v. Tew, 653 Fed. Appx. 666, 667 (11th Cir. 2016)("Although abstention was appropriate, the district court erred in dismissing [plaintiff's] claims rather than staying this action.")).

---

[3] Although not applicable here, any claims for declaratory or injunctive relief would be due to be dismissed. See Scholtz, 2020 U.S. Dist. LEXIS 203390, at *5-6.

6

**III. Conclusion.**

Accordingly, based upon Younger v. Harris, 401 U.S. 37 (1971), it is **RECOMMENDED** that the Court abstain from exercising jurisdiction and that this action be **STAYED**, pending completion of Plaintiff's pending state court criminal proceedings.

It is further **RECOMMENDED** that Plaintiff be **ORDERED** (1) to **NOTIFY** the Court of the current **status** of his pending state court criminal proceedings by the **1st day** of each month; and (2) to notify this Court within **fourteen (14) days** of the conclusion and outcome of his criminal trial in state court. The Court **cautions** Plaintiff that failure to comply with this order will result in a recommendation of dismissal of this action for failure to prosecute this action and obey an order of this Court.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **2nd** day of **April, 2021.**

                                      **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**