```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| ERIC SWEETING, | * |
| | * |
|    Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 21-00127-TFM-B |
| | * |
| BRIANNE GARRETT, *et al.*, | * |
| | * |
|    Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court[1] on review of Plaintiff Eric Sweeting's second amended complaint (Doc. 44). For the reasons set forth below, the undersigned recommends that this action be **DISMISSED with prejudice** based on Plaintiff's repeated failures to plead a complaint that provides adequate notice of his claims and complies with the Federal Rules of Civil Procedure.

### I.   BACKGROUND

Plaintiff Eric Sweeting ("Sweeting"), who is proceeding *pro se*, filed a complaint and paid the filing fee for a civil action. (Docs. 1, 2). Sweeting's initial complaint named as Defendants Brianne Garrett, patient care technician; Lynn Brown, RN; Danielle Chavis, RN; Lindsey A. Parker, CRNP; Dr. Vickie Boggs, M.D.; Jane/John Doe, case manager; and Thomas Hospital/Infirmary Health.

---

[1] This action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 3).

(Doc. 1 at 1-2). The complaint alleged that on March 22, 2019, Sweeting's six-year-old daughter was checked out of school by her mother and taken to Thomas Hospital in Fairhope, Alabama, where she was "falsely/misdiagnosed" with vaginal pain by Defendants Boggs and Parker. (Id. at 3-4). According to Sweeting, Defendants Parker and Doe questioned his daughter to determine whether any sexual abuse had occurred despite being unqualified to do so, and subsequently, Defendants Boggs, Parker, and Doe reported Sweeting to Child Protection Services/DHR for child abuse. (Id. at 4). Sweeting alleged that when he attempted to talk to Defendants Boggs and Parker at the hospital later that night, front desk staff falsely told him they were not there and prevented him from obtaining records or information pertaining to his daughter. (Id. at 4-5).

Sweeting alleged that as a result of Defendants' conduct, he was falsely reported for child abuse and "suffered immensely" as a result, including being charged with child molestation and rape. (Id. at 5). Sweeting asserted that this Court "has jurisdiction of this action" pursuant to the "Child Abuse Prevention and Treatment Act," the "Health Insurance Portability and Accountability Act," and "the Violation and Denial of 4th [and 9th] Amendment Constitutional Rights." (Id. at 2-3). Sweeting requested compensatory and punitive damages in the amount of $500,000. (Id. at 5).

2

In an order dated October 25, 2023,[2] the Court found that the initial complaint was impermissible shotgun pleading that failed to provide adequate notice of the claims Sweeting was making against each Defendant and the factual grounds for such claims. (Doc. 40 at 7). The Court explained that Sweeting's complaint was a shotgun pleading because it failed "to make clear what causes of action Sweeting [was] asserting" and did "not delineate Sweeting's causes of action into separate numbered counts with the pertinent facts supporting each claim." (Id. at 8 (citing Fed. R. Civ. P. 10(b))). The Court noted that Sweeting's complaint moved "directly from his factual allegations to the relief he requests without clearly or directly asserting *any* causes of action or claims for relief." (Id. (emphasis in original)). The Court further noted that Sweeting's complaint alleged "that this Court 'has jurisdiction of this action' based on violations of the 'Child Abuse Prevention and Treatment Act' and the 'Health Insurance Portability and Accountability Act' and denials of his '4th' and '9th Amendment Constitutional Rights,'" but it explained:

> [W]hile this suggests that Sweeting seeks to assert claims for relief under these provisions, Sweeting does not assert such claims in separate numbered counts as required, nor does he provide any connection between the

---

[2] On May 18, 2021, the Court stayed this action pending completion of Sweeting's state court criminal proceedings. (See Doc. 7). On October 25, 2023, after Sweeting notified the Court that the State of Alabama had dropped all charges against him, the Court lifted the stay of this action and directed Sweeting to file an amended complaint. (Doc. 40).

3

>   legal provisions cited and the facts alleged in the complaint. Without any explanation as to how any Defendant allegedly violated any of the provisions cited, there is no way for the Court to determine the factual basis for each of Sweeting's claims or whether any Defendant might be liable for the misconduct alleged.

(Id.).

The Court also found that the complaint was a shotgun pleading because Sweeting apparently sought to assert multiple claims against multiple Defendants but failed "to specify which of the Defendants each of his claims is brought against" and failed to "make clear what each Defendant allegedly did or failed to do that violated any of the referenced statutes or constitutional provisions." (Id. at 8-9).

The Court explained to Sweeting the applicable pleading standards for a complaint in federal court, including what is required to state a claim upon which relief can be granted, the requirements of Federal Rules of Civil Procedure 8 and 10, and the prohibition against "shotgun pleadings" that violate those rules and fail to provide adequate notice of a plaintiff's claims. (Id. at 4-6, 10-11).

The Court ordered Sweeting to file an amended complaint on or before November 22, 2023, which complied with the following directives:

>   Sweeting's amended complaint must plead his claims with sufficient specificity to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure, and it must address

4

>and correct the deficiencies noted in this order.  In drafting his amended complaint, Sweeting must: (1) identify his pleading as an amended complaint; (2) list all Defendants in the caption; (3) include a short and plain statement of the grounds for this Court's subject matter jurisdiction and assert facts that show the existence of subject matter jurisdiction; (4) include a factual background section setting forth specific, non-conclusory factual allegations which directly pertain to his claims for relief, are not legal conclusions, and provide factual support for the required elements of his legal claims; (5) state his allegations in sequentially numbered paragraphs that are each limited as far as practicable to a single set of circumstances; (6) identify each of his causes of actions in a separate numbered count of the complaint, each with its own heading identifying it as a count; (7) in the heading for each count of the complaint, identify the specific statutory provision or other law under which the cause of action is asserted and specify which of the Defendants that count is asserted against; (8) within each count of the complaint, identify – either expressly or by reference to specific relevant paragraphs in the factual background section – which specific acts or omissions by each Defendant support the cause of action asserted against the Defendant in that count; and (9) state the relief he seeks.

(Id. at 9-10).

The Court cautioned Sweeting that if he filed an amended complaint that failed to address and correct the deficiencies in the original complaint that were described in the Court's order, the undersigned would recommend that this action be dismissed. (Id. at 11).  The Court directed the Clerk to send Sweeting a copy of this Court's Pro Se Litigant Handbook and encouraged Sweeting to review the handbook carefully and utilize it in drafting his amended complaint in order to avoid repetition of his pleading errors.  (Id.).

5

On November 22, 2023, Sweeting filed a first amended complaint raising allegations that were similar to those in the original complaint, albeit more detailed. (Doc. 42). On November 27, 2023, the Court entered an order striking Sweeting's first amended complaint because it was an impermissible shotgun pleading that failed to adequately address and correct the noted deficiencies in his original complaint. (Doc. 43). The Court found that, like the original complaint, the first amended complaint was a shotgun pleading because it failed to state Sweeting's causes of action or claims for relief in separate numbered counts that included the pertinent facts supporting each claim. (Id. at 5). The Court observed that Sweeting alleged that this Court "has jurisdiction of this action" based on violations of the "Child Abuse Prevention and Treatment Act" and the "Health Insurance Portability and Accountability Act" and denials of his "4th," "5th," "9th," and "14th Amendment Constitutional Rights." (Id.). However, the Court noted that Sweeting did not assert claims for relief alleging violations of these provisions in separate numbered counts as required. (Id. at 5-6).

In addition to failing to delineate his claims into separate counts, the Court noted that Sweeting failed to "make clear which Defendant(s) each of his claims [was] brought against, which of the referenced statutes or constitutional provisions each Defendant [was] alleged to have violated, and what each Defendant

6

allegedly did or failed to do that violated the legal provisions cited in the complaint." (Id. at 6). Additionally, the Court noted that several of the numbered factual allegations in Sweeting's first amended complaint were "long, rambling, and not 'limited as far as practicable to a single set of circumstances'" as required. (Id. (citing Fed. R. Civ. P. 10(b))).

The Court observed that although dismissal of this action was "justified based on Sweeting's failure to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Court's order," Sweeting appeared "to have made some effort, albeit insufficient, to comply with the Court's pleading directives." (Id. at 6-7). The Court therefore granted Sweeting "one final opportunity to amend his complaint in order to set out a 'short and plain statement' that provides adequate notice of his claims against each Defendant." (Id. at 7 (emphasis in original)).

The Court ordered Sweeting to file a second amended complaint on or before December 22, 2023, which complied with the following directives:

> In drafting his second amended complaint, Sweeting must: (1) identify his pleading as a second amended complaint; (2) list all Defendants in the caption; (3) include a short and plain statement of the grounds for this Court's subject matter jurisdiction and assert facts that show the existence of subject matter jurisdiction; (4) include a factual background section setting forth specific, non-conclusory factual allegations which directly pertain to his claims for relief, are not legal conclusions, and provide factual support for the required elements of his legal claims; (5) state his

7

    allegations in sequentially numbered paragraphs that are each limited as far as practicable to a single set of circumstances; (6) identify each of his causes of actions or claims for relief in a separate numbered count of the complaint, each with its own heading identifying it as a count; (7) in the heading for each count of the complaint, identify the specific statutory provision or other law under which the cause of action is asserted and specify which of the Defendants that count is asserted against; (8) within each count of the complaint, identify - either expressly or by reference to specific relevant paragraphs in the factual background section - which specific acts or omissions by each Defendant support the cause of action asserted against the Defendant in that count; and (9) state the relief he seeks.

(Id. at 7-8).

  The Court cautioned Sweeting that if he filed a second amended complaint that failed to address and correct all of the noted deficiencies in the first amended complaint or otherwise failed to fully comply with the pleading directives set out in the Court's order, the undersigned would recommend that this action be dismissed. (Id. at 9). The Court warned Sweeting that there would "be no further opportunities to amend in order to correct pleading deficiencies." (Id. (emphasis in original)). In response to the Court's order, Sweeting filed a second amended complaint on December 22, 2023. (Doc. 44).

  **II.**  **LEGAL STANDARDS**

  A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted).  Relatedly, Rule 10(b) mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity."  Fed. R. Civ. P. 10(b).

Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]"  Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has roughly identified four broad categories of shotgun pleadings: (1) those

9

in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  Id. at 1321-23.  The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Id. at 1323.

Although courts must liberally construe *pro se* pleadings and hold them to less stringent standards than formal pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), this does not give a court license to act as counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action.  Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).  Even a *pro se* litigant is "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

10

### III. DISCUSSION

Sweeting's second amended complaint violates the Federal Rules of Civil Procedure and fails to adequately address and correct the pleading deficiencies outlined in the Court's two previous repleading orders.

As the Court has repeatedly noted, the primary issue with Sweeting's complaints is that they fail to clearly identify the causes of action or claims for relief he is asserting. Indeed, the Court has repeatedly informed Sweeting that he is required to separate his causes of action or claims for relief into different counts in order to give the defendants adequate notice of the claims against them. In ordering Sweeting to replead, the Court has twice directed Sweeting to:

> identify each of his causes of action or claims for relief in a separate numbered count of the complaint, each with its own heading identifying it as a count; in the heading for each count of the complaint, identify the specific statutory provision or other law under which the cause of action is asserted and specify which of the Defendants that count is asserted against; [and] within each count of the complaint, identify - either expressly or by reference to specific relevant paragraphs in the factual background section - which specific acts or omissions by each Defendant support the cause of action asserted against the Defendant in that count.

(Doc. 40 at 10; Doc. 43 at 8).

Sweeting has repeatedly ignored these directives. Instead of asserting his causes of action or claims for relief in separate numbered counts as ordered, Sweeting's second amended complaint,

11

like his two previous complaints, moves directly from his factual allegations to the relief he requests. (See Doc. 44 at 5-13). Sweeting continues to allege that the Court "has jurisdiction of this action" based on violations of various federal statutes and constitutional provisions, and Sweeting also alleges in the "Statement of Facts" section that some of these same provisions were violated. (See id. at 2-3, 8-9, 11-12). However, while it appears that Sweeting intends to asserts claims for relief under at least some of the provisions cited as grounds for this Court's jurisdiction, he does not assert such claims in separate counts as required, nor does he adequately explain how each Defendant is alleged to have violated each of the provisions cited.[3] Because Sweeting does not separate each cause of action or claim for relief into a different count, the second amended complaint falls into the third shotgun pleading category. See Weiland, 792 F.3d at 1323.

The second amended complaint also arguably falls into the fourth shotgun pleading category. See id. Largely as a result of Sweeting's failure to identify what claims for relief or causes of action are being asserted in this action, it is not clear which of

---

[3] The difficulty of discerning which causes of action or claims for relief Sweeting is asserting is illustrated by the first paragraph of his second amended complaint, where Sweeting lists several federal statutes and alleges that each Defendant violated these laws but provides no explanation as to how the cited provisions apply to the facts alleged. (See Doc. 44 at 2).

12

the Defendants each claim is brought against,[4] and what each Defendant is alleged to have done to violate the provisions cited.

In addition to the foregoing, the Court previously noted that several of the numbered factual allegations in Sweeting's first amended complaint were "long, rambling, and not 'limited as far as practicable to a single set of circumstances.'" (Doc. 43 at 6 (quoting Fed. R. Civ. P. 10(b))). Accordingly, the Court directed Sweeting, in drafting his second amended complaint, to "state his allegations in sequentially numbered paragraphs that are each limited as far as practicable to a single set of circumstances." (Id. at 7-8). Sweeting apparently ignored this directive, since paragraph 29 of the second amended complaint spans more than one-and-a-half pages, is not limited to a single set of circumstances, and is littered with immaterial facts relating to his children's mother and his subsequent criminal proceedings that have no apparent connection to any cause of action he may be raising against the hospital Defendants in this action.

Sweeting's first amended complaint and second amended complaint reflect partial but plainly inadequate attempts to comply with the Court's orders. As noted, Sweeting has repeatedly

---

[4] For example, while Sweeting cryptically asserts that "[e]ach Defendant as could be ascertained contributed to this action" in the third, fourth, and fifth paragraphs of the second amended complaint, it is not clear whether this means that he is bringing claims against all seven Defendants for violating each of the provisions referenced in those paragraphs.

13

failed to comply with some of the Court's most basic pleading instructions, including, most notably, the directive to set forth his claims for relief or causes of action in separate counts.  As a result of Sweeting's repeated failures to comply with the Court's directives, the Court is still unable to discern what claims are being asserted against the Defendants and the grounds upon which each claim rests.  Twice, the Court has specifically cautioned Sweeting that if he failed to address and correct the noted pleading deficiencies as instructed, the undersigned would recommend that this action be dismissed. (See Doc. 40 at 11; Doc. 43 at 9).  Indeed, the Court's most recent order warned Sweeting that he would receive no further opportunities to amend his complaint in order to correct pleading deficiencies. (Doc. 43 at 9).  Despite these clear warnings, Sweeting repeatedly filed amended complaints afflicted with the same fundamental deficiencies as their predecessors.

A *pro se* plaintiff must generally be given at least one chance to amend his complaint before his action can be dismissed on shotgun pleading grounds. Nezbeda v. Liberty Mut. Ins. Corp., 789 F. App'x 180, 183 (11th Cir. 2019) (per curiam). "When the amended complaint still fails to cure the deficiency, it may be subject to dismissal." Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (per curiam); see Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (stating that implicit

14

in "a repleading order is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions") (quotation omitted); Pelletier v. Zweifel, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991) ("If Pelletier had refused to comply with the court's directive to file a repleader in conformity with the rules of civil procedure, the court could have dismissed the complaint under Fed.R.Civ.P. 41(b), on the ground that Pelletier failed to comply with Fed.R.Civ.P. 8(a) and (e) to provide a short, clear, and concise statement of the claim.") (citations omitted), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008); Birdette v. Saxon Mortg., 502 F. App'x 839, 841 (11th Cir. 2012) (per curiam) (affirming dismissal with prejudice for failure to comply with a court order where plaintiffs "were specifically informed as to how to replead their complaint to state a claim, and warned that a failure to comply with the court's order would result in dismissal, and they still failed to cure the deficiencies").

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337

15

(11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon, 863 F.2d at 837.

As described in detail above, the Court's previous orders gave Sweeting fair notice of the defects in his initial complaint and first amended complaint and an ample opportunity to correct those deficiencies. The Court also made Sweeting fully aware of the consequences of noncompliance. Despite the Court's warnings and instructions, Sweeting squandered his opportunities and disregarded the Court's directives. At this juncture, it appears that Sweeting is unwilling or unable to amend his pleadings to comply with the Federal Rules of Civil Procedure and the Court's orders, and there is no indication that any further opportunities

16

to amend would lead to improved results.  Because Sweeting was repeatedly put on notice of the specific defects of his pleadings but still filed amended complaints that did not remedy his most important pleading defects and did not comply with the Court's repleading orders, the undersigned recommends that this action be **DISMISSED with prejudice.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **January, 2024.**

                                                    **/S/ SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**